**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

Albert Tito

   v.                                                         Case No. 18-cv-1113-JD

Northern New Hampshire Correctional
Facility Warden

**REPORT AND RECOMMENDATION**

Before the court for preliminary review is pro se petitioner Albert Tito's petition for writ of habeas corpus (Doc. No. 1) filed pursuant to 28 U.S.C. § 2241. The matter is before the court to determine whether the petition asserts facially valid claims. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); see also § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to § 2241 petitions).

Tito asserts claims challenging criteria applied by the New Hampshire Adult Parole Board ("APB") in delaying or denying parole, which he asserts have resulted in the continuing confinement of inmates who would otherwise be released. Tito does not allege, however, that the criteria have been applied to him. To that extent, Tito's petition seeks an advisory opinion and thus does not present a "case or controversy" within this court's jurisdiction.

Tito filed this petition while incarcerated and has since been released on parole. Even if those APB criteria had been

applied to Tito previously, delaying his ability to obtain parole, nothing in the record suggests that Tito remains subject to any concrete injury traceable to any prior APB decision that could be redressed by an Order granting him relief in this case now.  Cf. Spencer v. Kemna, 523 U.S. 1, 7-8, 18 (1998) ("We are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong.").  It would be speculative to conclude that Tito is likely to be re-incarcerated and subject to the same APB criteria again.

## Conclusion

For the foregoing reasons, the district judge should dismiss the petition as failing to satisfy the case or controversy requirement of Article III jurisdiction.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

*Andrea K. Johnstone*
Andrea K. Johnstone
United States Magistrate Judge

April 19, 2019

cc:  Albert Tito, pro se